**KIM, CHO & LIM, LLC**
Seoung Y. Lim Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiffs*
joshualim@kcllawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYEYOON JUNG, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>-against-<br><br>GINA GROUP INC.,<br><br>Defendant. | Case No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FRCP 23** |

Plaintiff Hyeyoon Jung, individually and on behalf of all others similarly situated, by and through her attorneys, Kim, Cho & Lim, LLC, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this suit individually and as a representative of a putative collective class of individuals pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and FRCP 23 (collectively, "Class"), who are similarly situated as employed by Defendant Gina Group,.

2. Plaintiff, individually and on behalf of the Class, seeks damages from Defendant for unpaid overtime compensation in violation of FLSA, 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, and for failure to provide a wage notice, in violation of N.Y. LAB. LAW § 195(1).

3. In addition, Plaintiff individually seeks damages from Defendant for discrimination on the basis of ethnicity and nationality, Korean, in violation of New York Human Rights Law ("NYHRL"), N.Y. EXEC. §§ 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), NEW YORK CITY, N.Y., CODE §§ 8-107 *et seq* [N.Y.C. CODE].

## THE PARTIES

4. Plaintiff Hyeyoon Jung is an individual residing at 269 9th Street, Unit B, in Palisades Park, NJ 07650, and was previously employed by Defendant.

5. Plaintiff seeks to represent a Class of similarly situated individuals pursuant to 29 U.S.C. § 216(b), and FRCP 23, who are/were employed by Defendant.

6. Defendant Gina Group, Inc. is a business duly organized and existing under the laws of the State of New York, and located at 10 W 33rd Street, Suite 312, New York, NY 10001. Defendant is engaged in the design, manufacturing and wholesale distribution of apparel and accessories to retailers, and therefore is "engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant resides in this jurisdiction, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## ALLEGATIONS

10. Defendant is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203, and NYLL, N.Y. EXEC. § 651(6).

11. Plaintiff was employed by Defendant as a designer of footwear from August 11, 2015 to June 28, 2019.

12. Despite her title, Plaintiff did not create any original designs, but merely modified certain

designs based on the instructions she received. Specifically, a senior designer would provide a sample shoe and instruct her to modify the upper materials; then Plaintiff would modify the shoe in accordance with the instructions received. Plaintiff's work required no "invention, imagination, originality or talent," and therefore she was a non-exempt employee under FLSA and NYLL, pursuant to 29 C.F.R. § 541.302.

13. Over the course of her employment, Plaintiff's work hours and salary changed several times. From August 2015 to August 2016, Plaintiff worked on average for forty-five (45) hours per week, during which time she was paid a salary of $35,000.00.

14. From September 2016 to September 2017, Plaintiff worked on average for forty-five (45) hours per week, during which time she was paid a salary of $40,000.

15. From September 2017 to January 2019, Plaintiff worked on average for fifty-two (52) hours per week, during which time she was paid a salary of $45,000.

16. From January 2019, Plaintiff worked on average for about forty-five (45) hours per week, during which time she was paid a salary of $50,000.

17. As a non-exempt employee, Plaintiff was entitled to overtime compensation at a rate of one and one-half of the regular wage rate, for all hours worked in excess of forty (40) in a given week, pursuant to 29 U.S.C. § 207. and N.Y. LAB. LAW § 663.

18. Defendant did not compensate Plaintiff for any number of hours she worked in excess of forty (40) hours per week over the course of her employment.

19. In addition, Defendant did not provide Plaintiff with wage notices as required under N.Y. LAB. LAW § 195(1).

20. Over the course of her employment, Defendant has had substantial control over Plaintiff's working conditions and employment practices, including timekeeping and payroll. As such, Defendant was aware and/or should have been aware of its requirements under federal and state law to pay Plaintiff overtime compensation for hours worked in excess of forty (40) per week.

21. In addition, Defendant discriminated and wrongfully terminated Plaintiff on the basis of her race and nationality, Korean. While Plaintiff was told that she was terminated due to her performance, this explanation was inconsistent with her three (3) above-mentioned salary increases, and prior positive performance reviews from Defendant's Vice President David Gindi, and her direct supervisor Lucinda

Sun. Additionally, between January 2019 and June 2019, no one supervising Plaintiff had indicated any degree of dissatisfaction with her performance.

22. Moreover, Plaintiff received markedly different treatment from everyone else in her designer group. By way of example, Plaintiff's request for a one-day vacation in May 2019, which was submitted a month earlier on April 16, 2019, was summarily denied, despite the fact that she had already completed ninety-five percent (95%) of the third bucket. Meanwhile, two others employees, Ashley Bess' and Jessica Hom's vacation requests for a week were readily approved.

23. Plaintiff received disparate treatment and was wrongfully terminated by Defendant, based on her race and nationality, in violation of N.Y. EXEC. § 296(1)(a) and N.Y.C. CODE § 8-107.

## FLSA 29 U.S.C. § 216(b) COLLECTIVE ACTION CLAIMS

24. Plaintiff brings claims for relief pursuant to 29 U.S.C. § 216(b) on behalf of all non-exempt salaried employees of Defendants, who worked at Defendant's office located at 10 W 33rd Street, Suite 312, New York, NY 10001 or other offices maintained by Defendant for the operation of its business in the United States, on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Class").

25. Defendant has applied the same unlawful employment policies and practices to all of its non-exempt employees, members of the Class, by failing to properly compensate them for overtime work, in violation of 29 U.S.C. § 207. and N.Y. LAB. LAW § 663, and failing to provide them with wage notices N.Y. LAB. LAW § 195(1).

26. Defendant's unlawful conduct is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate employees for the hours they work.

27. Over the course of their employment, Defendant has had substantial control over the FLSA Collective Class's working conditions and employment practices, including timekeeping and payroll. As such, Defendant was aware and/or should have been aware of its obligations under federal and state law to pay the FLSA Collective Class's overtime compensation for hours worked in excess of forty (40) per week.

28. The claims of Plaintiff stated herein are essentially identical to those of other members of the FLSA Collective Class.

## FRCP 23 CLASS ACTION

29. Plaintiff brings claims for relief pursuant to the FRCP 23 on behalf of all non-exempt salaried employees of Defendants, who were required to work at Defendant's office located at 10 W 33rd Street, Suite 312, New York, NY 10001 or other offices maintained by Defendant for the operation of its business in the United States, on or after the date that is three (3) years before the filing of this Complaint ("Rule 23 Class").

30. The Rule 23 Class are similarly situated individuals, numbering in the hundreds, who have also been aggrieved by Defendant's failure to provide overtime compensation for hours worked per week in excess of forty (40), and failure to provide wage notices.

31. Plaintiff and the Rule 23 Class have the same claims against Defendant, and seek the same remedies. Such claims raise common questions of law and fact, including whether Defendant is an employer of Plaintiff and the Rule 23 Class; whether corporate policies existed relating to the calculation and payment of overtime wages; whether or not Plaintiff and the Rule 23 Class were exempt from overtime compensation; and whether Defendant acted willfully with respect to its violations of the FLSA and the NYLL. Such questions "predominate over any questions affecting only individual members" of the Rule 23 Class. FRCP 23(b)(3).

32. Defendant, in turn, may assert the same defenses against Plaintiff and individuals within the Rule 23 Class.

33. Plaintiff is also represented by attorneys who are experienced and competent in the field of employment law and therefore are capable of providing adequate representation of all the members of the Rule 23 Class.

34. The identities and last known contact information of Rule 23 Class members are readily ascertainable and determinable from Defendant's records.

35. The positions, titles, bases for payment, rates of pay, hours assigned and hours actually worked by the Rule 23 Class members are readily ascertainable and determinable from Defendant's records.

36. A class action is superior to other available methods for the fair and efficient adjudication of

the controversy, specifically in the context of the wage and hour litigation, where individual employees lack the financial resources to vigorously prosecute a lawsuit and/or are in fear of retaliation by a large multi-national employer with respect to their current and/or future employment. Additionally, a class action provides a degree of anonymity which allows for the vindication of the rights and significantly reduces these risks of retaliation or other adverse action by the employer.

37. As such, the Rule 23 Class is "so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative part[y] are typical of the claims or defenses of the class; and the representative part[y] will fairly and adequately protect the interests of the class." FRCP 23(a).

38. Additionally, prosecuting separate actions by or against individual members of the Rule 23 Class would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." FRCP 23(b)(1)(A). Separate prosecutions would also risk "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." FRCP 23(b)(1)(B).

39. Finally, this Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

40. Accordingly, Plaintiff, individually and on behalf of the Rule 23 Class, seeks certification of this matter as a class action pursuant to FRCP 23.

**FIRST CAUSE OF ACTION**
FLSA – OVERTIME PROVISIONS
(PLAINTIFF AND THE CLASS CONSISTING OF DESIGNERS)

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Over the course of Plaintiff and the Class' employment, Defendant was engaged in commerce or in the production or sale of goods for commerce," within the meaning of 29 U.S.C. § 203(s).

43. Defendant was Plaintiff and the Class' "employer" within the meaning of 29 U.S.C. § 203(d).

44. Plaintiff and the Class were non-exempt employees within the meaning of 29 U.S.C. § 213.

45. Defendant controlled the terms and condition of employment, including the rate and method

of compensation for its employees.

46. Over the course of their employment, Defendant failed to pay Plaintiff's and the Class' overtime compensation at a rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

47. Defendant's failure to pay Plaintiff and the Class their overtime premium was a willful violation of the FLSA, 29 U.S.C. § 255 (a).

48. As a consequence, Plaintiff and the Class suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
NYLL – OVERTIME PROVISIONS
(PLAINTIFF AND THE CLASS CONSISTING OF DESIGNERS)

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendant was Plaintiff and the Class' "employer" within the meaning of N.Y. LAB. LAW § 190.

51. Plaintiff and the Class were non-exempt employees within the meaning of N.Y. LAB. LAW § 190.

52. Defendant controlled the terms and condition of employment, including the rate and method of compensation for its employees.

53. Over the course of their employment, Defendant failed to pay Plaintiff's and the Class' overtime compensation at a rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) per week, in violation of N.Y. LAB. LAW § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

54. Defendant's failure to pay Plaintiff and the Class their overtime premium was a willful violation of the NYLL, N.Y. LAB. LAW § 190 *et seq.*

55. As a consequence, Plaintiff and the Class suffered damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
NYLL – NOTICE REQUIREMENTS
(PLAINTIFF AND THE CLASS CONSISTING OF ALL EMPLOYEES)

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendant was Plaintiff and the Class' "employer" within the meaning of N.Y. LAB. LAW § 190.

58. Plaintiff and the Class were non-exempt employees within the meaning of N.Y. LAB. LAW § 190.

59. Over the course of their employment, Defendant failed to provide Plaintiff and the Class with wage notices, and such other information as required by N.Y. LAB. LAW § 195(1).

60. Defendant's failure to pay Plaintiff and the Class their overtime premium was a willful violation of the NYLL, N.Y. LAB. LAW § 190 *et seq*.

61. As a consequence, Plaintiff and the Class are entitled to damages in the amount of $5,000 each, pursuant to N.Y. LAB. LAW § 198(1)(b), together with attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### NYHRL
### (PLAINTIFF INDIVIDUALLY)

40. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Plaintiff received disparate treatment and was wrongfully terminated by Defendant, based on her race and nationality, Korean, in violation of N.Y. EXEC. § 296(1)(a).

42. Plaintiff is entitled to damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### NYCHRL
### (PLAINTIFF INDIVIDUALLY)

43. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiff received disparate treatment and was wrongfully terminated by Defendant, based on her race and nationality, Korean, in violation of N.Y.C. CODE § 8-107.

45. Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them to promptly file consents to be FLSA class members in the FLSA claims in this action;

B. Certification of this action as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure;

C. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

D. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

E. Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL;

F. Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the Class with a wage notice, or a total of five thousand dollars ($5000) each, as provided for by NYLL, Article 6, § 198;

G. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYHRL, N.Y. EXEC. §§ 290 *et seq.*, and NYCHRL, N.Y.C. CODE §§ 8-107 *et seq.*;

H. Damages permitted by law pursuant to the NYHRL and NYCHRL;

I. Pre-judgment interest and post-judgment interest;

J. An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

K. Reasonable attorneys' fees and costs of the action; and

L. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: New York, New York  
September 16, 2019

Respectfully submitted,

By: _s/ Joshua Lim_  
Joshua Lim, ESQ.

**KIM, CHO & LIM, LLC**
Joshua (Seoung Y) Lim, Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*