**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HYEYOON JUNG, individually and on behalf of all others similarly situated, | Civil Action No. 1:19-cv-08624-MKV |
| Plaintiffs, | |
| v. | |
| GINA GROUP INC., | |
| Defendant. | |

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS SECOND AMENDED COMPLAINT**

---

David B. Lichtenberg, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Tel.: (908) 516-1050
Fax: (908) 516-1051
E-mail: dlichtenberg@fisherphillips.com
Attorneys for Defendant Gina Group Inc.

Of Counsel:
David B. Lichtenberg, Esq.
Phillip C. Bauknight, Esq.

On the Brief:
David J. Treibman, Esq.

FP 37119404.1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................... ii

PRELIMINARY STATEMENT ...................................... 1

STANDARD REVIEW ................................................ 2

LEGAL ARGUMENT ................................................ 3

I.     The Second Amended Complaint Fails to State Any Substantive Claims ........ 3

    A.  The Second Amended Complaint Fails to State an Overtime Claim........... 3

    B.  The Second Amended Complaint Fails to State a Wage Notice Claim....... 5

    C.  The Second Amended Complaint Fails to State a Discrimination Claim ... 7

II.    The Collective and Class Action Allegations Should Be Dismissed................. 9

    A.  The Collective Action Allegations Should Be Dismissed .......................... 10

    B.  The Class Action Allegations Should Be Dismissed.................................. 12

       1.  The Allegations Cannot Withstand Even a Cursory Examination......... 12

       2.  The Allegations Are Implausible ........................................... 13

          a.  The Second Amended Complaint Fails to Plausibly Allege Numerosity (Fed.R.Civ.P. 23 (a)(1)) ............................................... 13

          b.  The Second Amended Complaint Fails to Plausibly Allege Commonality (Fed.R.Civ.P. 23(a)(2)) ............................................ 14

          c.  The Second Amended Complaint Fails to Plausibly Allege Typicality (Fed.R.Civ.P. 23(a)(3)).................................................. 17

          d.  The Second Amended Complaint Fails to Plausibly Allege Adequacy (FeD.R.Civ.P (a)(4)) ........................................ 17

          e.  The Second Amended Complaint Fails to Plausibly allege Facts Satisfying Rule 23(b) ................................................... 17

CONCLUSION ........................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)...................................................................................................18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................*passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................2, 18

*Brown v. Barnes & Noble, Inc.*,
   252 F. Supp. 3d 255 (S.D.N.Y. 2017).................................................................10, 11

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
   69 F. Supp. 3d 342 (S.D.N.Y. 2014).........................................................................6

*Cent. States Se. & Sw. Areas Health & Welfare Fund. v. Merck-Medco Managed Care*,
   504 F.3d 229 (2d Cir. 2007).....................................................................................17

*Creech v. Holiday CVS, LLC*,
   No. 11-46, 2012 WL 4483384 (M.D. La. Sept. 28, 2012)......................................11

*Daniel v. Tootsie Roll Indus., LLC*,
   No. 17-7541, 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018).......................................9

*Davis v. Navient Corp.*,
   No. 17-992, 2018 WL 1603871 (W.D.N.Y. Mar. 12, 2018) .............................13, 18

*DeJesus v. HF Mgmt. Servs., LLC*,
   726 F.3d 85 (2d Cir. 2013).........................................................................................3

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006).....................................................................................17

*Fridman v. GCS Computers, LLC*,
   No. 17-6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018).......................10, 11, 12

*Genesis Healthcare Corp. v. Symczyk*,
   569 U.S. 66 (2013)......................................................................................................9

*Goldberg v. Merrill Lynch*,
   No. 97-8779, 1998 WL 321446 (S.D.N.Y. June 18, 1998),
   *aff'd mem.*, 181 F.3d 82 (2d Cir. 1999) ..................................................................13

ii

*Johnson-Gellineau v. Steine & Assocs.*,
  No. 16-9945, 2018 WL 1605574 (S.D.N.Y. Mar. 29, 2018) ....................................................6

*Kassman v. KPMG, LLP*,
  925 F. Supp. 2d 453 (S.D.N.Y. 2013)......................................................................................14

*Kone v. Joy Construction Corp.*,
  No. 15-1328, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016) ....................................................6, 7

*Lu v. Chase Inv. Servs. Corp.*,
  412 F. App'x 413 (2d Cir. 2011) ...............................................................................................8

*Lundy v. Catholic Health Sys. of L.I., Inc.*,
  711 F.3d 106 (2d Cir. 2013)......................................................................................................3

*Melito v. Am. Eagle Outfitters, Inc.*,
  No. 14-2440, 2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015)....................................................9

*Moon v. Kwon*,
  248 F. Supp. 2d 201 (S.D.N.Y. 2002).......................................................................................4

*Music Mix Mobile, LLC v. Newman (In re Stage Presence, Inc.)*,
  No. 18-10662, 2019 WL 2004030 (S.D.N.Y. May 7, 2019) ..................................................14

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013)..................................................................................................3, 9

*Peck v. Hillside Children's Ctr.*,
  915 F. Supp. 2d 435 (W.D.N.Y. 2013) ...............................................................................10, 11

*Penn. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*,
  772 F.3d 111 (2d Cir. 2014)....................................................................................................13

*PFT of Am., Inc. v. Tradewell, Inc.*,
  No. 98-6413, 1999 WL 179358 (S.D.N.Y. Mar. 31, 1999)....................................................13

*Rinehart v. Lehman Bros. Holdings Inc.*,
  817 F.3d 56 (2d Cir. 2016)........................................................................................................6

*Rodriguez v. KGA, Inc.*,
  155 A.D.3d 452, 64 N.Y.S.3d 11 (1st Dep't 2017) ................................................................14

*Ruiz v. Cty. of Rockland*,
  609 F.3d 486 (2d Cir. 2010)......................................................................................................8

*Shah v. Wilco Sys., Inc.*,
  27 A.D.3d 169, 806 N.Y.S.2d 553 (1st Dep't 2005) ................................................................8

iii

*Shcherb v. Angi Homeservs. Inc.*,
    No. 19-367, 2019 WL 5538030 (S.D.N.Y. Oct. 25, 2019).......................................................6

*Solouk v. European Copper Specialties, Inc.*,
    No. 14-8954, 2019 WL 2181910 (S.D.N.Y. May 2, 2019) ....................................................14

*South v. Cont'l Cas. Co.*,
    No. 17-5741, 2018 WL 4689106 (S.D.N.Y. Sept. 27, 2018) ...................................................8

*Talarico v. Port Auth. of N.Y. & N.J.*,
    367 F. Supp. 3d 161 (S.D.N.Y. 2019).....................................................................................12

*Varughese v. Mt. Sinai Med. Ctr.*,
    No. 8812, 2015 WL 1499618 (S.D.N.Y. Mar. 27, 2015),
    *aff'd mem.*, 693 F. App'x 41 (2d Cir. 2017) ...........................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)................................................................................................14, 15, 16

*Zhang v. Akami Inc.*,
    No. 15-4946, 2017 WL 4329723 (S.D.N.Y. Sept. 26, 2017) .................................................6

*Zhong v. August Corp.*,
    498 F. Supp. 2d 625 (S.D.N.Y. 2007).............................................................................10, 11

**Statutes**

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. .............................................. *passim*

29 U.S.C. §207.............................................................................................................................3

29 U.S.C. §207(a)(1).....................................................................................................................3

29 U.S.C. §213.............................................................................................................................3

29 U.S.C. §216(b)................................................................................................................1, 9, 10

NYCC §8-101, et seq. ............................................................................................................1, 7, 19

N.Y. Exec. Law §296...........................................................................................................1, 7, 19

N.Y. Exec. Law §296(1)(a)..........................................................................................................7

N.Y. Lab. Law §190 et seq. ................................................................................................ *passim*

N.Y. Lab. Law §195(1)....................................................................................................... *passim*

iv

**Rules**

12 NYCRR 142-2.2 ..................................................................................................3

Fed.R.Civ.P. 12(b)(6) ....................................................................................... *passim*

Fed.R.Civ.P. 12(f) ...................................................................................................9

Fed.R.Civ.P. 23 ................................................................................................. *passim*

Fed.R.Civ.P. 23(a) .................................................................................13, 17, 19

Fed.R.Civ.P. 23(a)(1) ...........................................................................................13

Fed.R.Civ.P. 23(a)(2) ...........................................................................................14

Fed.R.Civ.P. 23(a)(3) ...........................................................................................17

Fed.R.Civ.P. 23(a)(4) ...........................................................................................17

Fed.R.Civ.P.  23(b) .......................................................................................17, 19

Fed.R.Civ.P. 23(b)(1) ...........................................................................................13

Fed.R.Civ.P.  23(b)(1)(A) .....................................................................................18

Fed.R.Civ.P. 23(b)(1)(B) .....................................................................................18

Fed.R.Civ.P. 23(b)(2) ...........................................................................................13

Fed.R.Civ.P. 23(b)(3) ...........................................................................................18

FP 37119404.1

## PRELIMINARY STATEMENT

Plaintiff's third attempt at pleading is no more successful than her first two.  Like Plaintiff's first two complaints, the Second Amended Complaint (Doc. 17, sometimes "SAC") consists of five counts (which it calls "Causes of Action"), and, as before, none of them states a claim upon which relief can be granted.  The SAC should accordingly be dismissed under Federal Rule of Civil Procedure 12(b)(6).

The First and Second Causes of Action attempt to state claims against Defendant Gina Group, LLC ("Gina"; incorrectly pled as "Gina Group Inc."), for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the New York Labor Law ("NYLL"), NYLL §190 et seq., respectively.  They fail to do so, because the Second Amended Complaint lacks any *factual* allegations that Plaintiff ever worked uncompensated overtime.

The Third Cause of Action attempts to state a claim for failure to provide Plaintiff with a wage notice as required by NYLL §195(1), but fails to supply any supporting *factual* allegations.

The Fourth and Fifth Causes of Action attempt to state claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), respectively, alleging that Plaintiff was a victim of race and national origin discrimination because of her Korean background.  But the SAC lacks *factual* allegations suggesting she was similarly situated to the Gina employees she compares herself to, which is fatal to her attempt to state a discrimination claim.

Plaintiff also attempts to bring the First Cause of Action, for unpaid overtime under the FLSA, as a collective action under 29 U.S.C. §216(b); and the Second Cause of Action, for unpaid overtime under the NYLL, and Third Cause of Action, for nondelivery of the wage notice under the NYLL, as a class action under Federal Rule of Civil Procedure 23.  The collective and class aspects of those Causes of Action are, of course, mooted by Plaintiff's failure to state any

1

individual claims on the merits.  But the collective and class claims are themselves fatally deficient, because the Second Amended Complaint contains virtually no information about the putative collective and class action members.  Plaintiff accordingly fails to plausibly plead the existence of a collective or a class, and the collective and class claims are therefore independently subject to dismissal under Rule 12(b)(6) as well.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or "legal conclusions," or "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted).

## LEGAL ARGUMENT

### I.   The Second Amended Complaint Fails to State Any Substantive Claims.

#### A.   The Second Amended Complaint Fails to State an Overtime Claim.

The SAC attempts to state claims for overtime under both the FLSA (First Cause of Action) and the NYLL (Second Cause of Action).  FLSA and NYLL overtime claims are subject to the same standards.  *E.g., Lundy v. Catholic Health Sys. of L.I., Inc.*, 711 F.3d 106, 118 (2d Cir. 2013); *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2013).  The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. §207(a)(1) (emphasis added).  This requirement is incorporated into the NYLL via New York Department of Labor regulation 12 NYCRR 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 [29 U.S.C. §§207, 213] of 29 USC 201 et seq., the Fair Labor Standards Act").

Because the FLSA measures compliance by the workweek, a complaint must frame its allegations by the workweek.  "So, to survive a motion to dismiss ... a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some *uncompensated time* in excess of the 40 hours."  *Lundy*, 711 F.3d at 114 (emphasis added); *Nakahata*, 723 F.3d at 200; *Dejesus*, 726 F.3d at 88.

The SAC contains no such allegations.  Instead, it alleges that during certain periods, Plaintiff worked a fixed number of hours each week and received the same pay in each such week:

- From August 2015 to August 2016, "Plaintiff worked *forty five (45) hours each week*" and was paid a "*weekly wage rate of $673.08*."

- From September 2016 to September 2017, "Plaintiff worked *forty-five (45) hours each week*" and was paid a "*weekly wage rate of $769.23*."

- From September 2017 to January 2019, "Plaintiff worked *fifty-two (52) hours each week*" and was paid a "*weekly wage rate of $856.38*."

- From January 2019 until the end of her employment, "Plaintiff worked *forty-five (45) hours each week*" and was paid a "*weekly wage rate of $961.54*."

(SAC ¶¶13-16; emphasis added.)

The SAC then offers the legal conclusion that "[a]s a non-exempt employee, Plaintiff's weekly salary only covered forty (40) hours," citing *Moon v. Kwon*, 248 F. Supp. 2d 201, 207 (S.D.N.Y. 2002). (SAC ¶17.) *Moon* does not support that conclusion, and in fact defeats Plaintiff's attempt to state an overtime claim. While *Moon* says "[t]here is a rebuttable presumption that a weekly salary covers 40 hours," it also says "the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours," including "the overtime premium for workers regularly logging overtime." *Moon*, 248 F. Supp. 2d at 207, 208. Moreover, "[i]n the absence of any written instrument memorializing the parties' intentions, the Court must infer the terms of their agreement from the entire course of their conduct, based on the testimonial and documentary evidence in the record." *Id.* at 206.

There is no allegation in the SAC about a "written instrument," and since this case is at the pleading stage, there is no testimonial or documentary evidence. But under *Iqbal* and *Twombly*, Plaintiff has the burden of alleging "sufficient factual matter" to "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. According to the SAC's "factual matter," quoted above, during certain periods, Plaintiff worked a fixed amount of overtime each week, and her

wages each week were likewise fixed.  Logic dictates it cannot be otherwise – *of course* if you work the same number of hours each week, which include the same amount of overtime each week, you will be paid the same wages each week.  If the hours worked are fixed, the wages paid are likewise going to be fixed.  It is not even reasonably possible to infer from such allegations that Plaintiff worked *unpaid* overtime.  And for that matter "reasonably possible" would not be enough: A complaint's allegations must offer "more than a sheer possibility that a defendant has acted unlawfully" or facts "merely consistent with a defendant's liability."  *Id.*  Since the SAC does not even rise to that inadequate level, it fails to state an overtime claim, and the First and Second Causes of Action should therefore be dismissed under Rule 12(b)(6).

**B.      The Second Amended Complaint Fails to State a Wage Notice Claim.**

The Third Cause of Action attempts to state a claim for failure to provide the wage notice required by NYLL §195(1).  Under that provision:

Every employer shall:

1. (a) provide his or her employees, in writing *in English and in the language identified by each employee as the primary language of such employee*, at the time of hiring, a notice containing the following information: the *rate or rates of pay and basis thereof*, whether paid by the hour, shift, day, week, salary, piece, commission, or other; *allowances*, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; *the regular pay day* designated by the employer in accordance with section one hundred ninety-one of this article; *the name of the employer*; *any "doing business as" names used by the employer*; the *physical address of the employer's main office or principal place of business*, and a *mailing address if different*; the *telephone number of the employer*; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. Such acknowledgement shall include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision, and shall conform to any additional requirements established by the commissioner with regard to content and

5

form. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay.  [Emphasis added]

The Second Amended Complaint alleges:

Defendant has never provided Plaintiff with wage notices, *in English or Korean*, identifying the *rate of pay and basis thereof*, *allowances*, the *regular pay day*, the *employer's name including any aliases*, the employer's *office and mailing address*, the employer's *phone number*, or other information at hiring as required under as required under N.Y. LAB. LAW §195(1).

(SAC ¶19; emphasis added.)

The Second Amended Complaint thus does nothing more than parrot some of the language of the statutory provision.  Allegations parroting the legal standard obviously do not state a claim. They are, rather, "nothing but legal conclusions [and] will be disregarded."  *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 362 (S.D.N.Y. 2014); *see also, e.g., Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56, 67 (2d Cir. 2016) (affirming dismissal of complaint where it "parrots language [from a Supreme Court decision], [and] 'we are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Iqbal*, 556 U.S. at 678); *accord, e.g., Shcherb v. Angi Homeservs. Inc.*, No. 19-367, 2019 WL 5538030, at *1 (S.D.N.Y. Oct. 25, 2019); *Johnson-Gellineau v. Steine & Assocs.*, No. 16-9945, 2018 WL 1605574, at *13 (S.D.N.Y. Mar. 29, 2018); *Zhang v. Akami Inc.*, No. 15-4946, 2017 WL 4329723, at *5 (S.D.N.Y. Sept. 26, 2017).

For example, the plaintiffs in *Kone v. Joy Construction Corp.*, No. 15-1328, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016), "failed to sufficiently state a claim under Section 195(1)" where their Complaint alleged:

Defendants have willfully failed to supply Plaintiffs ... with notice ... containing Plaintiffs' ... rates of pay and basis thereof ... hourly rates of pay and overtime rate or rates of pay ... the regular pay day designated by the employer ... the name of the

6

employer ... the physical address of the employer's main office [and] ... the telephone number of the employer.

*Id.* at *5.

Plaintiff here has done no better, and so like the *Kone* plaintiffs has failed to state a §195(1) claim upon which relief can be granted.  The SAC's Third Cause of Action should accordingly be dismissed under Rule 12(b)(6).

### C.   The Second Amended Complaint Fails to State a Discrimination Claim.

The Fourth and Fifth Causes of Action are unchanged in the SAC.  Even the paragraph numbering has not been revised: The last paragraph of the Third Cause of Action is numbered 63; the first paragraph of the Fourth Cause of Action is numbered 40.  The SAC, like the First Amended Complaint, attempts to state a claim that Plaintiff "received disparate treatment and was wrongfully terminated by Defendant, based on her race and nationality, Korean," in violation of the NYSHRL, N.Y. Exec. Law §296(1)(a) (Fourth Cause of Action), and the NYCHRL, NYCC §8-107(1)(a) (Fifth Cause of Action).  (SAC second ¶¶41, 44.)  The SAC fails to state a claim under either provision.

In support of Plaintiff's attempt to state a discrimination claim, the SAC alleges:

> 22.    Plaintiff received markedly different treatment from all the other, non-Korean designers in her group. By way of example, Plaintiff's request for a one-day vacation in May 2019, which was submitted a month earlier on April 16, 2019, was summarily denied, despite the fact that she had already completed ninety-five percent (95%) of her work.

> 23.    Meanwhile, two other designers in her group – both non-Korean – Ashley Bess' and Jessica Hom's vacation requests for a weeks' vacation were readily approved.

> 24.    While Plaintiff was told that she was terminated due to her performance, this explanation was inconsistent with her three (3) above-mentioned salary increases, and prior positive performance reviews from Defendant's Vice President David Gindi, and her direct supervisor Lucinda Sun. Additionally, between January 2019 and June 2019, no one supervising Plaintiff had indicated

any degree of dissatisfaction with her performance.  Again, the other designers in
her group, who were not Korean, were not terminated.

(SAC ¶¶22-24.)

It is clear that Plaintiff is attempting to state a discrimination claim by the use of
comparators – similarly-situated employees outside her protected group.  In order to do that,
though, Plaintiff must plead facts showing her comparators were "similarly situated to [her] in all
material respects," except for her membership in the protected group.  *Ruiz v. Cty. of Rockland*,
609 F.3d 486, 493-94 (2d Cir. 2010) (internal quotation marks omitted); *accord, e.g., Lu v. Chase
Inv. Servs. Corp.*, 412 F. App'x 413, 418-19 (2d Cir. 2011); *South v. Cont'l Cas. Co.*, No. 17-5741,
2018 WL 4689106, at *6 (S.D.N.Y. Sept. 27, 2018); *Varughese v. Mt. Sinai Med. Ctr.*, No. 8812,
2015 WL 1499618, at *48-49 (S.D.N.Y. Mar. 27, 2015), *aff'd mem.*, 693 F. App'x 41 (2d Cir.
2017); *Shah v. Wilco Sys., Inc.*, 27 A.D.3d 169, 177, 806 N.Y.S.2d 553, 559 (1st Dep't 2005).

The SAC fails to meet this standard.  Plaintiff alleges that she was denied a vacation request
despite having "already completed ninety-five percent (95%) of her work," while two non-Korean
employees had their vacation requests "readily approved."  (SAC ¶¶22-23.)  This fails to indicate
what completing 95% of one's work meant, or how much of their work the two non-Korean
employees had completed, or anything else suggesting Plaintiff and her two coworkers were
similarly-situated.

Similarly, Plaintiff does not believe her termination was really for poor performance, citing
"other designers in her group, who were not Korean" and "were not terminated."  (SAC ¶24.)
Again, this tells us nothing about the other designers beyond the fact that they were not Korean.
It says nothing about the quality of their work, or any other factors relating indicating a similarity
or difference among them, besides what Plaintiff alleges was their job title.

8

The SAC thus fails to allege that Plaintiff and her purported comparators were similar in "all material respects," and so fails to state a discrimination claim.  Accordingly, the Fourth and Fifth Causes of action should be dismissed under Rule 12(b)(6).

## II.     The Collective and Class Action Allegations Should Be Dismissed.

The FLSA overtime claim Plaintiff attempts to state in the First Cause of Action is asserted as a putative collective action under 29 U.S.C. §216(b).  The NYLL overtime and wage notice claims Plaintiff attempts to state in the Second and Third Causes of Action, respectively, are asserted as putative class claims under Federal Rule of Civil Procedure 23.  Plaintiff's failure to state such claims in her individual capacity means she cannot assert them in a representative capacity, and their dismissal encompasses both their individual and their class and collective aspects.  *See, e.g., Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) ("[R]espondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action"; "the mere presence of collective-action allegations in the complaint cannot save the suit"); *id.* at 74-75 (a putative class action can survive dismissal of the named plaintiff's individual claim only when it "acquires an independent status once it is certified under Rule 23"); *Nakahata*, 723 F.3d at 205 (district court correctly "dismissed ... Plaintiffs' motion to certify the collective and class actions as moot following the dismissal of the complaints in their entirety"); *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-2440, 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015) ("Because Plaintiff's claims against Experian are dismissed, Experian's Motion to Strike the Class Allegations ... is hereby dismissed as moot"); *Daniel v. Tootsie Roll Indus., LLC*, No. 17-7541, 2018 WL 3650015, at *15 (S.D.N.Y. Aug. 1, 2018) (since plaintiff's claims were dismissed, "the Court need not address the merits of defendants' motion to strike plaintiff's class claims under Federal Rule of Civil Procedure 12(f)").

9

It is nevertheless the case that Plaintiff's collective and class allegations would be insufficient to survive a motion to dismiss or strike them.

### A.     The Collective Action Allegations Should Be Dismissed.

Collective action allegations, like those pled in support of substantive claims, are tested under Rule 12(b)(6). *E.g., Fridman v. GCS Computers, LLC*, No. 17-6698, 2018 WL 1581990, at *2 (S.D.N.Y. Mar. 27, 2018); *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Thus, "[t]o state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals *similarly situated* to Plaintiff."  *Peck v. Hillside Children's Ctr.*, 915 F. Supp. 2d 435, 438 (W.D.N.Y. 2013) (emphasis added); *see* 29 U.S.C. §216(b) (authorizing "[a]n action ... by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*") (emphasis added).  The complaint must "indicate who those other employees are, and allege facts that would entitle them to relief." *Zhong*, 498 F. Supp. 2d at 628; *accord, e.g., Fridman*, 2018 WL 1581990, at *2.  Among other things, the complaint must present "substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Peck*, 915 F. Supp. 2d at 438; *see also, e.g., Zhong*, 498 F. Supp. 2d at 630 (allegations must show that the named plaintiffs "and potential plaintiffs were victims of a common policy or plan that violated the law") (internal quotation marks & brackets omitted); *accord, e.g., Fridman*, 2018 WL 1581990, at *4 n.4.  The complaint's allegations are "conclusory" and inadequate "where they fail to identify particular employees or make specific allegations." *Brown v. Barnes & Noble, Inc.*, 252 F. Supp. 3d 255, 266-67 (S.D.N.Y. 2017) (internal quotation marks omitted).

Here, the Second Amended Complaint's allegations in support of Plaintiff's "FLSA 29 U.S.C. §216(b) Collective Action Claims" (SAC p.5) say nothing more than that Plaintiff "brings claims for relief pursuant to 29 U.S.C. §216(b) on behalf of all non-exempt salaried employees of

10

Defendants" (SAC ¶27); that "Defendant has applied the same unlawful employment policies and practices to all of its non-exempt salaried employees, members of the Class, by failing to properly compensate them for overtime work" (SAC ¶28); and that "Defendant's unlawful conduct is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate employees for the hours they work" (SAC ¶29).

These allegations convey essentially no information.  Their broad, nebulous reference to "all non-exempt salaried employees of Defendants" obviously does not "indicate who those other employees are," *Zhong*, 498 F. Supp. 2d at 628; *Fridman*, 2018 WL 1581990, at *2, much less "create the plausible inference" that they are "a group of individuals similarly situated to the plaintiff," *Peck*, 915 F. Supp. 2d at 438.  Certainly, they do not "identify particular employees." *Brown*, 252 F. Supp. 3d at 266-67.

Nor do the allegations make the requisite "specific" or "substantial allegations" that Plaintiff and her putative collective "were victims of a common policy or plan that violated the law," *id.*; *Peck*, 915 F. Supp. 2d at 438; *Fridman*, 2018 WL 1581990, at *2, or that the class members – whoever they might be – are "entitl[ed] ... to relief," *Zhong*, 498 F. Supp. 2d at 628. Plaintiff's vague references to "unlawful employment policies and practices" that "fail[] to properly compensate" employees, or to "a company policy or practice of minimizing labor costs by failing to adequately compensate employees for the hours they work" do not suffice to allege a policy or plan – at most they hazily describe the purported *result* of a policy or plan whose provisions are a complete mystery.  *See, e.g., Creech v. Holiday CVS, LLC*, No. 11-46, 2012 WL 4483384, at *1, 3 (M.D. La. Sept. 28, 2012) (Complaint alleged that "Defendants' failure to compensate employees for hours worked in excess of forty in a workweek resulted from Defendants' 'systematic scheme' that required the Plaintiff and proposed class members to work

off the clock hours." Such a "mere allegation of a 'systematic scheme' does not satisfy the plausibility standard required in order to survive a Rule 12(b)(6) motion to dismiss").

The SAC here is much like the complaint in *Fridman*: "As presently written, the complaint does not contain names or reference to any other plaintiff. Moreover, the allegations made about unlawful employment practices at GCS [the employer] as applicable to employees aside from Plaintiff are threadbare to nonexistent." *Fridman*, 2018 WL 1581990, at *4 n.4. The SAC's collective action allegations accordingly fail to meet Rule 12(b)(6)'s plausibility standard and should be dismissed for their own lack of merit, even aside from their dismissal as a consequence of Plaintiff's inability to state a substantive FLSA claim on her own behalf.

### B. The Class Action Allegations Should Be Dismissed.

#### 1. The Allegations Cannot Withstand Even a Cursory Examination.

Like collective allegations, class action allegations should be dismissed "where the claims fail to state a plausible entitlement to relief on behalf of the putative class members." *Talarico v. Port Auth. of N.Y. & N.J.*, 367 F. Supp. 3d 161, 173 (S.D.N.Y. 2019). That is without doubt the case here. The SAC alleges that "Plaintiff and the Rule 23 Class have the same claims against Defendant, and seek the same remedies." (SAC ¶34.) But as already shown above, Plaintiff fails to state any NYLL claims against Gina. Thus, the Second Amended Complaint "fails to state a plausible entitlement to relief on behalf of the putative class members" and for that reason alone the class allegations should be dismissed.

Moreover, the SAC alleges that the proposed Rule 23 class, like the proposed FLSA collective, consists of "all non-exempt salaried employees of Defendants [sic]." (SAC ¶32.) Such a conclusory assertion conveys no information and so comes nowhere near meeting the most basic pleading requirements. *See, e.g., Iqbal*, 556 U.S. at 678 (an allegation is "conclusory," and so insufficient under Rule 12(b)(6), if "it tenders 'naked assertion[s]' devoid of 'further factual

12

enhancement'").  A complaint must cite "*facts* from which it can be determined that there is any basis other than speculation as to whether there are other members of the class."  *PFT of Am., Inc. v. Tradewell, Inc.*, No. 98-6413, 1999 WL 179358, at *1 (S.D.N.Y. Mar. 31, 1999) (emphasis added).  Here, "[n]o *facts* are alleged to support [Plaintiff's] conclusory allegations as to the purported members of the class."  *Goldberg v. Merrill Lynch*, No. 97-8779, 1998 WL 321446, at *9 (S.D.N.Y. June 18, 1998) (emphasis added), *aff'd mem.*, 181 F.3d 82 (2d Cir. 1999).  For this reason, too, the class allegations should be dismissed.

## 2.    The Allegations Are Implausible.

There are still more reasons for dismissing the class allegations.  In addition to Plaintiff's failure to meet the most elementary pleading standards, her allegations are most decidedly *not* "sufficient to show that it is plausible [she] will be able to satisfy the Rule 23 requirements after conducting discovery."  *Davis v. Navient Corp.*, No. 17-992, 2018 WL 1603871, at *5 (W.D.N.Y. Mar. 12, 2018), *adopted*, 2019 WL 360173 (W.D.N.Y. Jan. 29, 2019).  That, too, is fatal, since "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion."  *Id.* at *4.  "Those requirements include 'satisfying Rule 23(a)'s prerequisites' of numerosity, commonality, typicality, and adequacy of representation, as well as demonstrating 'that the action is maintainable under Rule 23(b)(1), (2), or (3).'"  *Id.* at *5 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)).

### a.    The Second Amended Complaint Fails to Plausibly Allege Numerosity (Fed.R.Civ.P. 23(a)(1)).

"Numerosity is presumed for classes larger than forty members."  *Penn. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014).  The Second Amended Complaint conclusorily asserts that "[t]he Rule 23 Class are similarly situated individuals, numbering in the hundreds."  (SAC ¶33.)  The putative class claims are asserted under the NYLL

(the Second Cause of Action for overtime, and the Third Cause of Action for alleged failure to provide a wage notice). The alleged class "numbering in the hundreds," however, includes "*all* non-exempt salaried employees of Defendants." (SAC ¶32: emphasis added.) There is no indication whether all of Gina's employees are located in New York or distributed among other states as well. That matters, because it is well-established that the NYLL has no extraterritorial application and so no Gina employees who worked outside New York can assert NYLL claims, *e.g., Music Mix Mobile, LLC v. Newman (In re Stage Presence, Inc.)*, No. 18-10662, 2019 WL 2004030, at *10 (S.D.N.Y. May 7, 2019); *Solouk v. European Copper Specialties, Inc.*, No. 14-8954, 2019 WL 2181910, at *16 (S.D.N.Y. May 2, 2019); *Rodriguez v. KGA, Inc.*, 155 A.D.3d 452, 64 N.Y.S.3d 11 (1st Dep't 2017), or be members of a class of plaintiffs asserting NYLL claims, *e.g., Kassman v. KPMG, LLP*, 925 F. Supp. 2d 453, 469-70 (S.D.N.Y. 2013) (striking nationwide classes asserting claims under New York City ordinances and New York State statutes where complaint "fails to allege that the putative class members lived or worked in New York City or State").

The Second Amended Complaint provides not a hint of whether the New York members of the putative class number in the hundreds, or dozens, or less. There is no indication whether the putative class would meet the presumptive minimum of 40 members. That is fatal to the class allegations. *See, e.g., Iqbal*, 556 U.S. at 679 (allegations that "do not permit the court to infer more than the mere possibility" that a statutory requirement is met fail to state a claim). For this reason, too, the class allegations should be dismissed.

### b. The Second Amended Complaint Fails to Plausibly Allege Commonality (Fed.R.Civ.P. 23(a)(2)).

To establish commonality, the plaintiff must "demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting

14

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "This does not mean merely that they have all suffered a violation of the same provision of law," but "[t]heir claims must depend upon a common contention" of "such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in a single stroke."  *Id.* at 350.  "What matters to class certification is not the raising of common 'questions' – even in droves – but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."  *Id.* (internal quotation marks omitted; Court's emphasis).

The fatal problem with the Second Amended Complaint is that the broad, amorphous definition of the putative class – "all non-exempt salaried employees of Defendant[]" – does not even begin to suggest there can be common questions with common answers "apt to drive the resolution of the litigation."  The SAC attempts (unsuccessfully) to allege that Plaintiff was a footwear designer misclassified as exempt and made to work uncompensated overtime.  (SAC ¶¶12-18.)  The SAC does not even attempt to allege that other members of the putative class were footwear designers, or that they were misclassified, or what positions they held, or whether or how often they worked uncompensated overtime, and so on – the Second Amended Complaint provides, once again, absolutely no information whatsoever about the members of the putative class.  There are no allegations that all class members "suffered a violation of the same provision of law," or "suffered the same injury."

Indeed, the "common questions of law and fact" the Second Amended Complaint lists emphasize the absence of any factual allegations suggesting the putative class members have a "common contention" capable of "classwide resolution."  One "common question" the SAC

identifies is "whether corporate policies existed relating to the calculation and payment of overtime wages." (SAC ¶34.) As shown above, the SAC does not plausibly plead the existence of such policies, let alone that they violated the law and injured Plaintiff and the putative class. But under *Dukes*, that is what the Second Amended Complaint must allege to state a plausible claim of commonality. *Dukes*, 564 U.S. at 349-50 (plaintiff must "demonstrate" the class members "suffered the same injury" resulting from "violation of the same provision of law"). It is not something that can await discovery.

The second "common question" the Second Amended Complaint identifies is "whether or not Plaintiff and the Rule 23 Class were exempt from overtime compensation." (SAC ¶34.) Plaintiff alleges she was not, but that Gina misclassified her and consequently failed to pay her overtime when she allegedly worked it. (SAC ¶¶11-18.) There are no similar allegations concerning any member of the putative class – but again, in the absence of a shared injury from the same statutory violation, there is no commonality. This question, too, therefore cannot await the results of discovery; Plaintiff must plausibly allege the putative class members' overtime-eligibility status in her complaint.

The third and last "common question" the SAC identifies is "whether Defendant acted willfully with respect to its violation of the NYLL." (SAC ¶34.) The SAC is in no position to posit willfulness as a common question since, as shown above, it fails to state the necessary predicate claims of NYLL violations.

The Second Amended Complaint accordingly fails to plausibly allege commonality, and for this reason, too, the class allegations should be dismissed.

FP 37119404.1

### c. The Second Amended Complaint Fails to Plausibly Allege Typicality (Fed.R.Civ.P. 23(a)(3)).

Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cent. States Se. & Sw. Areas Health & Welfare Fund. v. Merck-Medco Managed Care*, 504 F.3d 229, 245 (2d Cir. 2007). There is nothing in the SAC plausibly alleging that typicality is satisfied, or even anything remotely suggesting the situation of putative class members resembles Plaintiff's in any way. The only reference to typicality in the SAC is an allegation that "the claims and defenses of the representative part[y] are typical of the claims or defenses of the class" (SAC ¶40) – a quotation from Rule 23(a)(3). For this reason, too, the class action allegations should be dismissed.

### d. The Second Amended Complaint Fails to Plausibly Allege Adequacy (Fed.R.Civ.P. 23(a)(4)).

"Adequacy is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). Once again, because the Second Amended Complaint contains no factual allegations concerning the putative class members, it fails to plausibly allege the satisfaction of this Rule 23 requirement, and for this reason, too, the class allegations should be dismissed.

### e. The Second Amended Complaint Fails to Plausibly Allege Facts Satisfying Rule 23(b).

Even if the SAC had plausibly alleged facts satisfying the requirements of Rule 23(a), which it clearly did not, the class allegations would still be subject to dismissal because the SAC's allegations fail to satisfy any paragraph of Rule 23(b). The SAC asserts that the "common questions" it identifies, which were discussed above, "'predominate over any questions affecting

17

only individual members' of the Rule 23 Class.  FRCP 23(b)(3)."  (SAC ¶31.)  This assertion satisfies neither Rule 23 nor Rule 12(b)(6).  First, it simply parrots Rule 23(b)(3), and of course "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Second, the SAC's failure to plead allegations satisfying the commonality requirement necessarily means it fails as to the predominance requirement, since "the predominance criterion is far more demanding."  *Amchem*, 521 U.S. at 624.

Finally, the Second Amended Complaint asserts that Rule 23(b)(1)(A) and (B) are both satisfied, but it supports that assertion with nothing more than quotations from the Rule (SAC ¶41[1]), the most "formulaic recitation" imaginable.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The SAC's class allegations fail to "show that it is plausible [Plaintiff] will be able to satisfy the Rule 23 requirements after conducting discovery."  *Davis*, 2018 WL 1603871, at *5.  They should accordingly be dismissed under Rule 12(b)(6), even aside from Plaintiff's failure to state any substantive claims.

## CONCLUSION

The Second Amended Complaint lacks any *factual* allegations showing Plaintiff was not paid overtime compensation.  The Second Amended Complaint therefore fails to state an overtime claim under either the FLSA or the NYLL, and the First and Second Causes of Action should be dismissed.  The Second Amended Complaint lacks any *factual* allegations showing Plaintiff did not receive a wage notice compliant with NYLL 195(1); it therefore fails to state a wage notice

---

[1] "Additionally, prosecuting separate actions by or against individual members of the Rule 23 Class would create a risk of 'inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.' FRCP 23(b)(1)(A). Separate prosecutions would also risk 'adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.' FRCP 23(b)(1)(B)."

claim and the Third Cause of Action should be dismissed.  The Second Amended Complaint lacks any *factual* allegations showing Plaintiff was treated differently from any other similarly-situated non-Korean employee.  The Second Amended Complaint therefore fails to state a discrimination claim under either the NYSHRL or the NYCHRL, and the Fourth and Fifth Causes of Action should be dismissed.

Plaintiff's collective and class action claims cannot survive the dismissal of her substantive claims, but they also fail independently, because the Second Amended Complaint lacks any *factual* allegations showing that Plaintiff was similarly-situated to any member of the purported collective, or that Plaintiff could satisfy the numerosity, commonality, typicality, or adequacy requirements of Rule 23(a), or any paragraph of Rule 23(b).

The Second Amended Complaint, in sum, fails to state any claims upon which relief can be granted and it should, accordingly, be dismissed, in its entirety, under Federal Rule of Civil Procedure 12(b)(6).

Dated:  February 13, 2020

Respectfully submitted,
FISHER & PHILLIPS LLP
Attorneys for Defendant Gina Group, LLC
(incorrectly pled as "Gina Group Inc.")

By:     s/*David B. Lichtenberg*
DAVID B. LICHTENBERG
PHILLIP C. BAUKNIGHT
For Fisher & Phillips LLP

19

FP 37119404.1