UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2020
```

HYEYOON JUNG,

                              Plaintiff,

   -v-

GINA GROUP, LLC,

                              Defendant.

No. 19-cv-8624 (MKV)
OPINION AND ORDER

MARY KAY VYSKOCIL, District Judge:

       Plaintiff Hyeyoon Jung brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, N.Y. LAB. LAW §§ 190 *et seq.*, alleging that Defendant Gina Group, LLC failed to pay her overtime wages to which she is entitled. Jung also alleges that Gina Group failed to provide her with a wage notice as required by the New York Labor Law, N.Y. LAB. LAW § 195(1). She asserts these claims individually and on behalf of others similarly situated. Finally, Jung, who is Korean, alleges that Gina Group discriminated against her based on her race and national origin in violation of the New York State Human Rights Law, N.Y. EXEC. §§ 290 *et seq.*, and the New York City Human Rights Law, NEW YORK CITY, N.Y., CODE §§ 8-107 *et seq.* Gina Group moves to dismiss the complaint for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion to dismiss is DENIED in part and GRANTED in part.

1

I.  BACKGROUND[1]

Defendant Gina Group, LLC designs, manufactures, and sells clothes and accessories to retailers.  SAC ¶ 6.  Plaintiff Hyeyoon Jung worked for Gina Group as a shoe designer for nearly four years, from August 11, 2015 to June 28, 2019.  *Id.* ¶ 11.  Notwithstanding her title, Jung did not create original designs.  *Id.* ¶ 12.  Instead, a senior designer would instruct Jung to make certain changes to the materials used in an existing shoe design, and Jung would implement those instructions.  *Id.*

Over the course of her employment, Jung worked either forty-five or fifty-two hours per week, and her salary increased three times, from $35,000 to $50,000.  *See id.* ¶¶ 13–16.  Specifically, from August 2015 to August 2016, Jung worked forty-five hours each week, and she was paid a fixed weekly wage rate of $673.08.  *Id.* ¶ 13.  From September 2016 to September 2017, Jung worked forty-five hours each week, and she was paid a fixed weekly wage rate of $769.23.  *Id.* ¶ 14.  Then, from September 2017 to January 2019, Jung worked fifty-two hours each week, and she was paid a fixed weekly wage rate of $865.38.  *Id.* ¶ 15.  Finally, from January 2019 to June 2019, Jung again worked forty-five hours each week, and she was paid a fixed weekly wage rate of $961.54.  *Id.* ¶ 16.  Jung alleges that Gina Group "did not compensate [her] for any number of hours she worked in excess of forty (40) hours per week over the course of her employment."  *Id.* ¶ 18.  Gina Group also "never provided" Jung "with wage notices, in

---

[1] The facts are taken from the Second Amended Complaint [ECF #25], hereinafter "SAC."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.").

English or Korean, identifying the rate of pay and the basis thereof, allowances, the regular pay day, . . . or other information at hiring." *Id.* ¶ 19.

Jung alleges that Gina Group similarly failed "to properly compensate . . . all of its other non-exempt salaried employees . . . for overtime work" and "to provide them with wage notices." *Id.* ¶ 28. She alleges that such similarly situated employees "number[] in the hundreds." *Id.* ¶ 33. Jung alleges that Gina Group's "conduct is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate employees for the hours they work." *Id.* ¶ 29.

Jung further asserts, as an individual claim, that Gina Group "discriminated against, and wrongfully terminated [her] on the basis of her race and nationality, Korean." *Id.* ¶ 21. Specifically, Jung alleges that Gina Group "summarily denied" her "request for a one-day vacation in May 2019," even though she submitted the request a month in advance and "had already completed ninety-five percent . . . of her work." *Id.* She alleges that, by contrast, Gina Group "readily approved" the requests of two non-Korean designers for week-long vacations. *Id.* ¶ 23. Jung also alleges that she "was told she was terminated due to her performance" but that "this explanation was inconsistent with her three . . . salary increases, and prior positive performance reviews." *Id.* ¶ 24. She adds that other designers, who were not Korean, were not terminated. *Id.* ¶ 25.

Jung filed a complaint on September 17, 2019 [ECF #1], and Gina Group responded by filing a motion to dismiss [ECF #4]. The Court referred the case for mediation and stayed Jung's obligation to respond to that motion [ECF #7, 9]. Before the mediation was held, Jung filed the First Amended Complaint [ECF #10], and the Court denied as moot the initial motion to dismiss [ECF #13]. Gina Group then moved to dismiss the First Amended Complaint [ECF #14], and

Jung responded by seeking leave to amend her pleading a second time [ECF #17]. On February 10, 2020, the parties participated in mediation, but they were unable to reach a settlement [ECF #20]. On February 13, 2020, Gina Group filed another motion to dismiss [ECF #21, 21-1 ("Def. Mem.")].

The Court granted Jung leave to amend [ECF #22], and Jung filed the Second Amended Complaint on February 19, 2020 [ECF #25 ("SAC")]. The Second Amended Complaint asserts five causes of action: (1) individual and collective action claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) individual and class claims for unpaid overtime under the New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 190 *et seq.*; (3) individual and class claims for failure to provide a wage notice under N.Y. LAB. LAW § 195(1); (4) a claim for disparate treatment and wrongful termination based on her race and nationality under the New York State Human Rights Law, N.Y. EXEC. §§ 290 *et seq.*; and (5) a claim for disparate treatment and wrongful termination based on her race and nationality under the New York City Human Rights Law, NEW YORK CITY, N.Y., CODE §§ 8-107 *et seq*.

The Court deemed the motion that Gina Group had filed on February 13, 2020 to be a motion to dismiss the Second Amended Complaint [ECF #24]. Jung filed her brief in opposition to the motion to dismiss on February 27, 2020 [ECF #26 ("Pl. Opp.")]. Gina Group replied on March 5, 2020 [ECF #27].

## II.     LEGAL STANDARDS

A. Motion To Dismiss

"On a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts "all factual allegations in the complaint . . . as true" and draws "all inferences . . . in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir.

2015). "To survive a motion to dismiss," the plaintiff needs to allege only "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III.   ANALYSIS

A. Jung States Overtime Claims under the FLSA and NYLL.

The same standard governs overtime claims under both the FLSA and NYLL.  *See Lundy v. Catholic Health Sys. of L.I., Inc.*, 711 F.3d 106, 118 (2d Cir. 2013).  The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).  This requirement is incorporated into the NYLL.  *See* 12 NYCRR 142-2.2.  The Second Circuit has held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114.  Courts in this district have long applied a presumption that a fixed weekly wage covers only the first 40 hours of the workweek.[2]  *See, e.g.*, *Pastor v. Alice Cleaners, Inc.*, No. 16-cv-7264 (JLC), 2017 WL 5625556, at *2 (S.D.N.Y. Nov. 21, 2017); *Moon v. Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999).  They have extended this presumption to the NYLL.  *Reyes v. Cafe Cousina Rest. Inc.*, No. 18-cv-1873 (PAE)(DF), 2019 WL 5722475, at *4 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted*, No. 18-cv-1873 (PAE)(DF), 2019 WL 5722109 (S.D.N.Y. Oct. 7, 2019).

---

[2] The Second Circuit has not addressed this presumption.

Applying the presumption that a fixed weekly wage covers only the first 40 hours of the workweek, the Court concludes that Jung states a plausible claim under the FLSA and NYLL. Jung specifically alleges that she worked in excess of forty hours every week of her employment. She alleges that she "worked forty-five (45) hours each week" from "August 2015 to August 2016," from "September 2016 to September 2017," and again from January 2019 to June 2019. SAC ¶¶ 13, 14, 16. "From September 2017 to January 2019, [she] worked fifty-two (52) hours each week." *Id.* ¶ 15. Jung further alleges that she was paid a "fixed weekly wage" for each of these weeks during which she worked overtime. *Id.* ¶¶ 13, 14, 15, 16. And she alleges that Gina Group "did not compensate [her] for any number of hours she worked in excess of forty (40) hours per week over the course of her employment." *Id.* ¶ 18.

Gina Group insists that Jung must allege more facts showing that her weekly wages did not include overtime pay, but the Court is not persuaded. Gina Group stresses that Jung "worked a fixed amount of overtime each week, and her wages each week were likewise fixed." Def. Mem. 3–4. Gina Group maintains that it is not reasonable to infer from these allegations that Jung "worked *unpaid* overtime." *Id.* at 4. But Gina Group admits, as it must, that case law establishes "a rebuttable presumption that a weekly salary covers 40 hours." *Moon*, 248 F. Supp. 2d at 207. In applying this presumption, courts in this district have explicitly placed on defendants "the burden to show that [a] weekly salary was intended to cover more than forty hours per week." *Marcial v. New Hudson Family Rest. Inc.*, No. 18-cv-663 (NSR)(JCM), 2019 WL 1900336, at *5 (S.D.N.Y. Apr. 29, 2019).

Of course, it is possible that Jung never worked uncompensated overtime in violation of the FLSA. The Second Amended Complaint describes Jung's compensation in terms of yearly salaries, ranging from $35,000 to $50,000, as well as the legally significant "fixed weekly wage"

6

rates. And, perhaps, after discovery, it will become clear that Jung, a "designer," was exempt from the overtime compensation requirement. *See Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 161 (2d Cir. 2008). Or perhaps the parties agreed that Jung's salaries included overtime. At the pleading stage, however, the Court must accept Jung's allegations as true and draw all inferences in her favor. *Littlejohn*, 795 F.3d at 306. Gina Group therefore cannot succeed on its motion to dismiss Jung's overtime claims.

   B. <u>Jung States a Wage Notice Claim.</u>

Jung properly alleges a wage notice claim. New York Labor Law section 195(1) requires an employer to provide its employee with a written wage notice, "in English and in . . . [her] primary language," identifying her "rate . . . of pay and basis thereof, . . . regular pay day," and other information "at the time of hiring." N.Y. LAB. LAW § 195(1)(a). Jung alleges that Gina Group "never provided" her "with wage notices, in English or Korean, identifying the rate of pay and the basis thereof, . . . regular pay day, . . . or other [required] information at hiring." SAC ¶ 19. That allegation is sufficient to survive a motion to dismiss. *See, e.g.*, *Moses v. Griffin Indus., LLC*, 369 F. Supp. 3d 538, 545 (S.D.N.Y. 2019).

Gina Group does not contend that it provided Jung with the required wage notice and its only citation to authority is misplaced. Gina Group cites *Kone v. Joy Construction Corp.*, No. 15-cv-1328, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016), in which the Court granted a motion to dismiss because the plaintiff in that case began working before a 2011 amendment to the law and because the complaint did not allege that the "failure [to provide a wage notice] occurred at the time of hiring, which is required to establish a violation of NYLL § 195(1)(a)." 2016 WL 866349, at *5. Jung began working for Gina Group in 2015, after the 2011 amendment cited in

*Kone*, and her complaint includes the requisite allegation that Jung did not receive a wage notice "at hiring."  SAC ¶ 19.

    C. <u>Jung States Collective and Class Claims.</u>

The FLSA permits a plaintiff to bring an action "against any employer . . . in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).  Courts have held that, to do so, plaintiffs must offer "a modest factual showing sufficient to demonstrate that they and potential plaintiffs . . . were victims of a common policy or plan that violated the law." *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007) (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y.1998)).  In *Zhong*, the court ruled that the complaint failed to state a collective action claim under the FLSA because it "neither generally nor specifically name[d] or reference[d] any other plaintiffs" and there was "no reference made to a policy to which other employees are subject, nor to any company policy at all." *Id*. at 631.  Here, by contrast, Jung alleges that Gina Group treated "all of its other non-exempt salaried employees" the same way "pursuant to a company policy or practice of minimizing labor costs."  SAC ¶¶ 28, 29.  Jung's allegations are sufficient to create a plausible inference that "similarly situated plaintiffs do exist." *Zhong*, 498 F. Supp. 2d at 631.  Therefore, the motion to dismiss the FLSA collective action claim fails.

The Court similarly rejects the motion to dismiss the putative class claims, under Rule 23 of the Federal Rules of Civil Procedure, for the alleged overtime and wage notice violations under New York law.  "In this Circuit, motions to strike class claims are 'disfavored' because they 'require a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class

8

certification.'" *Talarico v. Port Auth. of New York & New Jersey*, 367 F. Supp. 3d 161, 166 (S.D.N.Y. 2019) (quoting *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 462 (S.D.N.Y. 2013)). The Court may dismiss class claims at this stage only where it is facially implausible that the plaintiff could, after discovery, meet the Rule 23 requirements of numerosity, commonality, typicality, and adequacy of representation. That is not the case here, and accordingly the motion to dismiss the putative class claims is denied.

   D.  Jung Fails To State Claims for Discrimination under NYHRL and NYCHRL.

To state a claim for discrimination under NYHRL and NYCHRL, a plaintiff must allege that "(1) she is a member of a protected class; (2) she was qualified to hold the position; (3) she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination." *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 (2004). Gina Group argues that Jung has failed to allege facts giving rise to an inference of discrimination because she has failed to show that she was treated differently from others who were "similarly situated to [her] in all material respects" except for her membership in the protected group. *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010). The Court agrees.

Jung alleges that Gina Group denied her "request for a one-day vacation" when she "had already completed ninety-five percent . . . of her work," but it approved the requests of two non-Korean designers for week-long vacations. SAC ¶¶ 22, 23. But Jung fails to allege that the non-Korean designers likewise had not completed all of their work or any other facts to establish that they were "similarly situated to [her] in all material respects." *Ruiz*, 609 F.3d at 493. She similarly fails to allege such facts about the non-Korean designers who were kept on when Jung

was terminated. SAC ¶ 24, 25. Therefore, the motion to dismiss is granted with respect to the claim for discrimination under NYHRL and NYCHRL.

## IV.    CONCLUSION

For the reasons set forth above, the motion to dismiss the Second Amended Complaint is DENIED with respect to the: (1) individual and collective action claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) individual and class claims for unpaid overtime under the New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 190 *et seq.*; and (3) individual and class claims for failure to provide a wage notice under N.Y. LAB. LAW § 195(1). The motion to dismiss is GRANTED with respect to the: (4) claim for disparate treatment and wrongful termination based on her race and nationality under the New York State Human Rights Law, N.Y. EXEC. §§ 290 *et seq.*; and (5) claim for disparate treatment and wrongful termination based on her race and nationality under the New York City Human Rights Law, NEW YORK CITY, N.Y., CODE §§ 8-107 *et seq*.

**SO ORDERED.**

Date:  July 6, 2020  
       New York, NY

**MARY KAY VYSKOCIL**  
**United States District Judge**