USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HYEYOON JUNG,

                Plaintiff,

  -v-

GINA GROUP, LLC,

                Defendant.

---

No. 19-cv-8624 (MKV)

OPINION AND ORDER
DENYING MOTION FOR
CONDITIONAL CERTIFICATION

MARY KAY VYSKOCIL, District Judge:

      Plaintiff Hyeyoon Jung brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 190 *et seq.*, against Defendant Gina Group, LLC, which designs, manufactures, and sells clothes and accessories to retailers.  Before the Court is Jung's motion for conditional certification to proceed with a collective action "on behalf of . . . other employees similarly situated," 29 U.S.C. § 216(b) [ECF #41-2].  Jung seeks to certify the collective action for every salaried designer at Gina Group, dating back three years.  For the reasons stated below, Jung's motion for conditional certification is DENIED.

I.      BACKGROUND

      The Court assumes familiarity with the allegations in the Second Amended Complaint [ECF #25 ("SAC")] and the procedural history of this case, which are set forth in detail in the Court's Opinion and Order granting in part and denying in part an earlier motion to dismiss [ECF #30 ("Op.")].  In short, Jung alleges that she worked for Defendant Gina Group, LLC as a shoe designer, Op. at 2, and that Jung and all of the other designers at Gina Group routinely worked more than forty hours per week, were compensated only by fixed salaries, and were not paid

overtime, *id.* at 2–3.  Jung further alleges that, notwithstanding their titles, designers did not create original designs.  *Id.* at 2.

Jung now moves for conditional certification of a collective action under the FLSA, 29 U.S.C. § 216(b), on the ground that all salaried designers at Gina Group were misclassified as creative professionals exempt from the requirement for overtime pay [ECF #41, 41-2 ("Pl. Mem.")].  Jung relies entirely on her own declaration in support of her motion [ECF #41-2 ("First Jung Decl.")].  She submits an additional declaration with her reply brief, but she offers no corroborating affidavits from other designers [ECF #45-3("Second Jung Decl.")].

In her declarations, Jung offers testimonial evidence that she and other designers worked repeatedly more than forty-hour work weeks.  She specifically attests that she personally observed Gina Group's designers working more than forty hours per week.  First Jung Decl. ¶¶ 17-19, 26.  She names five shoe designers with whom she discussed overtime: Cristina Cardenas, Ashley Bess, Jessica Holmes, Ivan Ortiz, and Helena Walker.  *Id.* at ¶ 23.  Jung further attests that she and Mr. Ortiz spoke in "greater detail" about the fact that he was not being compensated for the hours that he worked in excess of forty hours per week.  *Id.* at ¶¶ 24-25.  Additionally, in her second declaration Jung points to a single occasion when she and the five named designers spoke about Gina Group's overtime pay practices at Mr. Ortiz's house.  Second Jung Decl. ¶¶ 7-8.

Jung also describes her experience as a designer in the shoe department, working under a head designer named Lucinda Sun.  First Jung Decl. ¶¶ 37-53.  Jung attests that she was "primarily tasked with replicating the designs of flip-flops and rain boots" that Sun had purchased as samples to copy.  *Id*. ¶ 45.  Jung also generally asserts that "[t]he designers" at Gina Group "were not permitted to create anything original; the tasks assigned to them required no

2

creativity, originality, or imagination." *Id*. ¶ 53.  However, Jung never attests that she personally observed any other designers' assignments or design processes, nor that any other designers spoke to her about their assignments or design processes.

Gina Group offers competing declarations from designers Cristina Cardenas, Hanna Lopez, and Jessica Martinez that speak to the creative process and duties of the designers to discredit Jung's argument that she does not fall under the creative professional exemption [ECF #42-3 ("Cardenas Decl."); ECF # 42-4 ("Lopez Decl."); ECF #42-5 ("Martinez Decl.")].  As discussed below, Cardenas also is one of the designers that Jung specifically mentions in her own declarations.  First Jung Decl. ¶ 23.  In their declarations, Cardenas, Lopez, and Martinez attest that they conceptualize original designs and are responsible for creating them for Gina Group [ECF #42-3 ¶ 11; ECF #42-3 ¶ 7-8; ECF #42-4 ¶ 6].

## II.   LEGAL STANDARD

Claims brought as collective actions under section 216(b) of the FLSA are not governed by the Federal Rules of Civil Procedure for class actions.[1]  *See Romero v. La Revise Assocs., L.L.C.,* 968 F. Supp. 2d 639, 644 (S.D.N.Y. 2013).  Rather, the Second Circuit has established a two-step process for certification of a collective action. *Myers v. Hertz Corp.,* 624 F.3d 537, 554–55 (2d Cir. 2010).  First, the Court must preliminarily or conditionally certify a collective action based on a minimal showing of similarity between the members; this allows the named plaintiff to circulate notice to other employees about the pendency of the case. *Id*.  Second, after

---

[1] The SAC asserts both collective action claims under the FLSA, SAC ¶¶ 27–31, and putative class claims, under Rule 23 of the Federal Rules of Civil Procedure, for alleged overtime and wage notice violations under New York law, *id.* ¶¶ 32–43.  However, at this time, Jung moves only for conditional certification as a collection action under the FLSA.

3

discovery, the Court conducts a fact-intensive inquiry about the similarity of the members of the proposed collective group. *Id.*

"The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quoting 29 U.S.C. § 216(b)). Plaintiffs have the burden to make a "modest factual showing" that the other potential claimants were victims of a common scheme that violated the FLSA. *Myers*, 624 F.3d at 554. That is, plaintiffs seeking conditional certification must make some "factual showing" that the allegedly illegal practice "extends beyond their own circumstances." *Levinson v. Primedia Inc.*, No. 02 Civ 2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003).

It is inappropriate at this preliminary stage for a court to make factual determinations on the merits. *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007). Thus, courts do not weigh the evidentiary value of competing affidavits. *See Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 330 (S.D.N.Y. 2010); *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). Rather, courts must determine whether plaintiffs have met their modest burden to bring forward evidence "sufficient to demonstrate that plaintiffs and potential class members were victims of a common scheme or plan that violate the law." *Morales v. Plantworks, Inc.*, No. 05 Civ 2349 (DC), 2006 WL 278154, *3 (S.D.N.Y. Feb. 2, 2006).

Although plaintiff's burden is limited at this stage, it is "not 'nonexistent.'" *Korenblum v. Citigroup, Inc.,* 195 F. Supp. 3d 475, 484 (S.D.N.Y. 2016) (quoting *Khan v. Airport Mgmt. Servs., LLC*, 10–cv–7735 (NRB), 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011). Plaintiffs may rely on their own affidavits, based on personal observations and hearsay. *Julian v. MetLife,*

*Inc.,* 298 F. Supp. 3d 699, 702 (S.D.N.Y. 2018); *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012). Plaintiffs cannot, however, rely on unsupported allegations in their pleadings. *Myers*, 624 F.3d at 555. Furthermore, plaintiffs' affidavits "must be specific, not conclusory." *Bittencourt v. Ferrara Bakery & Café Inc.*, 310 F.R.D. 106, 112 (S.D.N.Y. 2015). Conditional certification is not "automatic." *Raniere v. Citigroup Inc.,* 827 F. Supp. 2d 294, 319 (S.D.N.Y. 2011), *rev'd on other grounds* 533 F. App'x 11 (2d Cir. 2013). Indeed, courts have declined to certify collective actions where plaintiffs have "offered nothing of evidentiary value" to establish that others were similarly situated. *Morales*, 2006 WL 278154, *3; *see Levinson*, 2003 WL 22533428, at *2.

### III.   DISCUSSION

Jung has failed to meet her modest burden to make a "factual showing" that she and other potential plaintiffs were victims of a common scheme that violates the law. *See Levinson*, 2003 WL 22533428, at *1. Jung argues that all of the designers at Gina Group were misclassified as exempt employees under the creative professional exemption. Pl. Mem. at 1. She also asserts that all designers were instructed to copy designs and were not allowed to implement their own creative thinking. First Jung Decl. ¶ 43-54. As a result, Jung submits, all of the designers were non-exempt copyists entitled to overtime pay. *See* U.S. DEPT. OF LABOR., FIELD OPERATIONS HANDBOOK (CHAPTER 22): EXEMPTIONS FOR EXECUTIVE, ADMINISTRATIVE, PROFESSIONAL, COMPUTER AND OUTSIDE SALES EMPLOYEES (REVISED 2021).[2]

At this stage, Jung is allowed to rely on her own declarations to succeed on the motion for conditional certification. *Salomon*, 847 F. Supp. 2d at 565. However, in her declarations, Jung must make some factual showing that other designers were potentially misclassified as

---

[2] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch22.pdf

exempt. *Myers*, 624 F.3d at 554.  Instead of doing so, Jung offers merely conclusory assertions that "[t]he designers were not permitted to create anything original" and "the tasks assigned to them required no creativity, originality, or imagination."  First Jung Decl. ¶ 53.  For example, while Jung stresses that she was subjected to "micromanagement" by the head designer of the shoe department, Lucinda Sun, and conclusory asserts that other head designers also "micromanaged the work performed by the designers," First Jung Decl. ¶¶ 47–49, she does not state that she personally observed any other designers being micromanaged or that any other designers told her they were being micromanaged.

Jung states that she shared the same title with other designers, and that she worked in the same department and for the same head designer as others in her position.  *See, e.g.*, First Jung Decl. ¶¶ 34-35, 40.  These allegations, however, are not enough to establish that Jung and her co-workers were subject to a common misclassification scheme.  *See Cohen*, 686 F. Supp. 2d at 329; *Levinson*, 2003 WL 22533428, at *2.  Jung's own declarations make clear that the designers had different tasks and worked "independently" of each other.  Second Jung Decl. ¶ 38.  To certify the collective action, Jung is required to bring forward evidence, such as personal observations or hearsay, that other designers were performing the non-exempt task of copying. *See Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 476–77 (S.D.N.Y. 2010).  Jung fails to do so.  Throughout her declarations, Jung offers no personal observations, hearsay evidence, or specific factual details about the other designers' assignments and design processes that would lead to them being misclassified.  Jung's conclusory assertions offer the Court "nothing of evidentiary value" to support the motion before the Court.  *Morales*, 2006 WL 278154, *3.

Jung could have supported her arguments with corroborating testimony from other potential opt in plaintiffs, to which courts commonly look in connection with conditional

certification motions. *Warman v. American Nat'l Standards Inst.*, 193 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) ("Plaintiffs thus may satisfy their burden by relying on 'their own pleadings, affidavits, [and] declarations, or the affidavits and declarations of other potential class members.'" (quoting *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008))); *Eng–Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350, 2009 WL 7311383 at *3 (S.D.N.Y. Nov. 13, 2009). In this case, Jung does not bolster her deficient allegations with testimony from any other designer.

In fact, while Plaintiff fails to provide any additional detail, Defendants submit three declarations on their behalf. The Court does not—and, indeed, cannot—weigh the factual allegations in these declarations against those in Jung's declarations. *See Jeong Woo Kim v. 511 E. 5th Street, LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013); *Lynch*, 491 F. Supp. 2d at 368. However, the Court may take note of the fact that Defendant submitted such evidence and that Plaintiff submitted nothing in response. *Eng–Hatcher*, 2009 WL 7311383 at *4 (comparing plaintiff's failure to submit any other corroborating testimony from employees as opposed to defendant's submission of a "dozen affidavits"). Particularly important here, one of Defendant's declarants, Cristina Cardenas, is one of the designers that Jung specifically names in her declaration as supposedly "similarly situated" and with whom Jung states she discussed overtime compensation. Ms. Cardenas now submits her own declaration in support of Defendant's opposition to Plaintiff's motion. First Jung Decl. ¶ 23.

Jung also responds to Defendant's arguments by emphasizing her minimal burden, and by submitting with her reply brief a declaration in another case, *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552 (S.D.N.Y. 2015), to demonstrate the "minimum level" of proof needed at the conditional certification stage [ECF #45-2 ("Yap Decl.")]. Jung's reliance on this declaration

is misplaced. Yap was a food delivery driver. In his declaration, he cites his personal knowledge of other drivers who were not paid overtime and describes, albeit somewhat vaguely, conversations with other drivers regarding overtime. Yap Decl. ¶ 16-23. Jung offers similar testimony that other designers worked more than forty hours per week without overtime pay. *See* First Jung Decl. ¶¶ 22–28. The problem, however, is that Jung offers no evidence, such as hearsay or personal observations, that salaried designers were misclassified (*i.e.* that they were entitled to overtime pay in the first place). Since Jung failed to offer any corroborating declarations or affidavits of others, the Court must rely entirely on Jung's own declarations.[3] Because Jung's declarations contain only conclusory statements about the other designers, they are insufficient to show that the designers were victims of misclassification under the FLSA. *See Guillen*, 750 F. Supp. 2d at 476–77.

At this stage, the Court is not making a factual determination whether Jung or any of the other salaried designers were creative professionals. Rather, the Court concludes that Jung's declarations fall short of making the "modest factual showing" required to demonstrate that other potential plaintiffs were victims of a common illegal practice. In other words, Jung has failed to support her legal argument that all designers were misclassified "with [any] factual showing that extends beyond [her] own circumstances." *Levinson*, 2003 WL 22533428, at *2. As such, Jung's motion for conditional certification is denied.

**SO ORDERED.**

Date: September 9, 2021　　　　　　　　　　　MARY KAY VYSKOCIL
　　　　New York, NY　　　　　　　　　　　　United States District Judge

---

[3] More so, it is not lost on the Court that despite Jung's almost four-year tenure at Gina Group, she could not identify one other designer by name who experienced the forced copying design protocol that Jung alleges. First Jung Decl. ¶ 3. Jung alleges a high turnover of designers at Gina Group, yet despite this high turnover, Jung brings forward no other designer's testimony or her personal observation that they were subjected to the same "micromanagement." First Jung Decl. ¶¶ 33-35.